The next matter is No. 24-1121, United States v. Alvin Gonzalez-Rivera. At this time, would the Councilor of the Appellant please introduce himself on the record to begin. Good morning, Your Honors. Assistant Federal Public Defender Jose David Rodriguez on behalf of Mr. Gonzalez. May I request three minutes of rebuttal? You may. Thank you. The District Court used uncharged and non-relevant conduct to determine Mr. Gonzalez's offense level. The error led the District Court to apply the guidelines for production offenses instead of the guidelines that the parties recommended based on the facts, the guidelines for possession offenses. This resulted in Mr. Gonzalez, a first-time offender, serving seven additional years in prison sentence. The Court shall vacate the judgment and remand for resentencing under the correct guidelines, 2G2.2, the possession guidelines. The purpose of the production cross-reference is to more heavily punish those convicted of possession who also produced the material that they are convicted of. Mr. Gonzalez, in this case, did not produce the images that he was convicted of. He was convicted. The conduct for which he has been held accountable is downloading pornography to Dropbox during some months in 2020. The record is clear. It's undisputed that the pornography that he downloaded to Dropbox did not contain this video, this 53-second video that the Court used to apply. Let me just clarify. So the record is clear that he didn't plead guilty to possessing the video that was on his cell phone, not in the Dropbox. Is that right? That is right, Your Honor. If Your Honor goes to the pages of the change of plea hearing, that will be appendix page 52, you will see that the conduct he's admitting is to downloading images to Dropbox. That's the only thing he admitted to. And the record is clear because the prosecutor later clarified it when there was an objection to the PSR that the video that the PSR drafter was using to apply the production guideline was not in the Dropbox. You also agree if that video were in the Dropbox, it would be relevant conduct, right? Yes. In that case, it would be relevant. It could arguably be in preparation for. And that's what happened in the cases that the government and the prosecution cites, but that's not what happened here. And are there any cases that say, you know, the production of this video that you haven't pled to possessing is relevant conduct? Are there any cases at all that say that? We could say that, right? I think the government is asking us to say that. The cases say that for a video, this court has said that for uncharged conduct to be taken into account as relevant conduct under the guidelines, there must be a connection to the offense of conviction. That connection is what is missing here. There is no evidence that this video, that the recording of this video had anything to do with the conduct underlying the offense. The video was recorded three years before under very different circumstances. There is no evidence that he used the video in any way to further his download of images to Dropbox. The video was not in the Dropbox. So that factual link between the video and the conduct underlying the conviction here is missing. That's why it is not relevant conduct. For example, had this video been in the Dropbox, then there will be a factual, the recording of the video years before, even though remote, there will still be some factual connection. But these are unrelated acts that should not be considered under the guidelines as relevant conduct. But it could be considered at sentencing by the judge independent of the guidelines, just under 3553 or not? It could, Your Honor, under the 3553A. So in theory, on remand, if we vacated on this ground, that is how, if it is to be considered at all, it has to be considered through that lens? In theory, I will mention that the government didn't rely on this video. The court imposed a low-end sentence, spoke about mitigation in this case. The government also mentioned that the video had some evidential issues. But in theory, on remand, the court cooled. I would also like to briefly address, if I may, the special fine that the court imposed, the $5,000 fine. This is a special assessment for non-indigent defendants. The court's finding that Mr. Gonzalez was not indigent is not supported by the record. All the evidence here that went unrebutted was consistent with indigency. He was unemployed, he had no assets, he had no income, had credit card debt, his car had been repossessed recently, has no career or profession, had limited employment experience. The district court did not grapple with that evidence and instead focused on or speculated that in the future he may be able to earn an income. But that future look, in any event, is just one factor and has to be grounded in the circumstances today. And even if we look at the future, if his present economic circumstances were poor, his future looks even more bleak. He not only will be released after several years of imprisonment and now with a felony conviction and sex offender registration, he also is subject to employment restrictions that the district court imposed, including having to not work at any place where a person under the age of 18 may show up. And he has to reveal to his potential employers that he has this conviction. That brings me to the third point, which is the employment restriction. Are we supposed to take account of the restrictions in doing the indigency analysis? If the court were not to vacate the employment restrictions, I think the court should take the employment restrictions into account because they exist, the district court imposed them. I guess I'm asking more when we're assessing the district court's assessment of indigency. Is the district court in making that judgment insofar as they're relying on the future supposed to take account of its own sentence in assessing what the future prospects will be? I think it's reasonable for the court to consider the conditions that the court itself is imposing. If the court imposed these occupational restrictions that bear on his ability to find employment later on, which the court is saying is enough to deem him non-indigent. The two things are related. And I take it there's no indication the district court did that here. There's no indication, no. And the employment restriction, which we are challenging independently from the special assessment, this court has said in Riordan last year, 2024, that employment restrictions are subject to a more exacting standard than other conditions of supervision. The district court has to make three findings, including that there is a direct relationship between the offense conduct and the person's job. The district court here did not make any findings, gave no explanation at all for this employment restriction, and it's a 20-year term. It's a 20-year condition that it's categorical. It's not specific. It doesn't bar him from being a school teacher or a school bus driver. It bars him from every kind of job where a person under 18 may suddenly step in, like in a restaurant, for example, or Burger King, which is his only prior job experience. The court also did not take into account the other conditions that the court imposed, like the condition prohibiting him from socializing with persons under the age of 18, subjecting him to Internet monitoring. All these other conditions are sufficient to protect. In any event, the employment restrictions and Riordan have said that the court has to, among the other findings, has to find that the employment restriction is necessary, that the other conditions are not enough. So all of that was missing here. And more importantly, what is also missing here is that direct link between the employment and the offense conduct. There is no evidentiary support for that direct link, and that's why we are asking the court to vacate the condition, because the direct link is missing here. The record does not contain it. And this particular issue is here on plain error review, I take it? Yes, Your Honor. Yes, Your Honor. But we refer to this court, the 5F1 of the guidelines, which specifically, if I may finish this sentence, specifically contains these requirements and the court's decisions in Verdes-Luciano and more recently in Riordan, making it clear that employment restrictions are subject to another standard, a higher one. Thank you, Your Honor. Thank you. Thank you. Good morning, Your Honors. Gabriela Baglieri on behalf of the United States. May it please the Court. I would like to start with the cross-reference issue and then move on to the fee and lastly the condition of supervised release. So as to the cross-reference, the District Court properly applied the production cross-reference because the video at issue here was both part of the offense of conviction and relevant conduct. When you say part of the offense of conviction, what do you mean? Well, to determine whether it was part of the offense of conviction, we need to look at first the language of the guidelines, this Court's own precedent in interpreting similar cross-reference language, the statute of conviction, and the indictment. So if we just take a step back and look, we started at 2G2.2, the possession guideline, and that possession guideline includes a cross-reference provision that states, if the offense involved causing or permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction. That is to be construed broadly, and the guidelines defined offense as both the offense of conviction and all relevant conduct. And to determine what covers the scope of the offense of conviction, this Court in Castillo held that we need to look at the statute of conviction. Here, he pled guilty to Section 2252A, and that statute prohibits the possession of child pornography. That is a continuing offense that covers more than just discrete acts. And as charged in the indictment here, he pled guilty to possession of child pornography during June to August 2020. Now, the record is sufficiently clear here that he possessed the video during that time charged in the indictment. And he possessed the video, just like he possessed the videos in the Dropbox, in his phone. He admitted to accessing the Dropbox via his phone, and he uploaded the video to the iCloud. Therefore, the video was part of the offense of conviction. His only argument to why it was not part of the offense of conviction is this notion that he did not stipulate to the video in the— that the parties did not stipulate to the video in the plea agreement. But he decides to no authority saying that the offense of conviction is defined by whatever the parties stipulate to in the plea agreement. And that would be contrary to Castillo and to the guidelines definition of offense of conviction. And in any event, the District Court— Doesn't there have to be a factual basis for the conviction in order for that to be kicked in? In other words, you seem to be almost saying, like, independent of what his conduct was, if he's convicted under a statute setting forth an offense, and that offense mentions conduct broader than his own, that's part of the offense of conviction, even if there was no proof beyond a reasonable doubt supporting him having engaged in that aspect of the offense. Well— Because the only factual basis for the conviction that we have is set forth in the stipulated facts, right? The only factual basis that he stipulated to were the dropbook materials. There's no indication that any other evidence was the factual basis for the District Court accepting the plea. Well, we know from the PSR that his phone was seized, and that's where the dropbook materials recited, and so— But the conviction's based on the plea, right? Yes, but if we look at— And what's the factual basis for the plea? Is there some factual basis for the plea independent of what was stipulated to? The factual basis for the plea may very well be the dropbook, but that may say it was only the dropbook materials. But I know that, but what I'm—I guess what I'm just saying is, for purposes of figuring out the offense of conviction— Yes. Are we interested in what the statute says, or are we interested in what the basis for the conviction under that statute is? I think following Castillo, we look at the conduct prohibited under the statute of conviction. In Castillo, was there also a factual basis for concluding that the conviction was based on that conduct? In Castillo, it held that it wasn't based on the—it wasn't part of the offense of conviction, but that case helps our position. Because in Castillo, the offense of conviction involved a discrete, stand-alone act, the touching of a thigh. And the relevant conduct there—so that was the sexual contact he pled guilty to. And the relevant conduct that was being taken into consideration to apply the cross-reference was sexual abuse, the pulling down of the pants of another girl. And so the court held that because the statute of conviction, what it prohibited, was this discrete act of sexual contact, you could not say that this other act that was higher, it was attempt to sexual abuse, was part of that offense of conviction. And here it's different, because here we're talking about a continuous offense, possession. We're in the context of— But I'm saying that that might be true if there was some evidence that the conviction was for that additional piece of it, but there isn't any evidence that the conviction itself was. Well, we see it differently, because although the parties stipulated to the Dropbox, you know that the Dropbox, he used both his computer and his phone. And from the PSR, we know that in his phone, he also had all these other videos. But I thought there was some suggestion there was some evidentiary— there were some evidentiary problems potentially with that video in the Dropbox. No, we—the Dropbox—we know that the video was not in the Dropbox. Were there some evidentiary problems with that video? Yeah. So there were—the government, during the evidentiary hearing, the government said to the district court that it did not bring a production charge, a separate production charge, on the basis of the video, because the government could not identify just from the video, other than his admissions, that the person in the video was a minor, right? And so they decided not to bring a production charge, separate production charge. But the government never conceded that it was in relevant conduct or that it was—wasn't part of the offense of conviction. And for purposes of the court relying on it, it just needed to determine that it was sufficiently reliable and decide on the preponderance of the evidence rather than be on a reasonable doubt. And now, even if—even if it—sorry. The video also falls under the relevant conduct guideline. And it falls under the relevant conduct guidelines under three of its prongs. So if the court agrees that it was—that the video was part of the offense of conviction, then it's easy to find that the production was in preparation for. But even if we assume that the defendant is right and that he only pled guilty to the videos in the Dropbox, the possession of the video was still relevant conduct under two of the prongs of the relevant conduct guideline. First, he possessed the video at the same time as he possessed the Dropbox items. So it would fall—it would be relevant conduct. And the government made this argument at page 25 of our brief. But in the reply, the defendant did not respond to this argument. And in the possession of the video would also be considered relevant conduct under the expanded relevant conduct guideline because the possession would group— the possession of the video would group with the possession of the Dropbox items. And it would be in the same course of conduct of possessing child pornography. Now, his only argument to why it's not relevant conduct seems to rely on this, again, misconception that the cross-reference can only apply if a video— if the court finds that the defendant produced a video of which he was convicted of possessing. But that's not what the guideline says. And that would be contrary to the language of the guidelines because if you look at the cross-reference, it speaks of offense, not offense of conviction. And we know that offense includes offense of conviction and relevant conduct. And so it would render the offense of conviction use superfluous. And as to his temporal argument that the video—the production of the video is too remote, this—courts have held that the temporal aspect in child pornography cases because of their continuing offenses is irrelevant. And we cited cases in our brief, say, where the court applied the production core reference even though the production had happened seven years before and the defendant kept the video. But in those cases, were those videos part of the offense that the defendant pled to? Yes. And I wanted to point out a case of this court. You said yes. But so that doesn't help you. So in those cases, the production of the video was—the possession of the video, yes, was part of the possession. There wasn't any dispute that the possession of the video was part of the charges he pled guilty to. Do you have a case in which the only factual basis in the record for the conviction involves conduct under the offense of conviction that is more limited than other conduct that also falls under the offense of conviction in which we've concluded that other conduct is relevant conduct? So I think I—if I'm understanding Your Honor's questions correctly, yes. We—there is a case, Rogers, where this court—that wasn't the issue, the main issue that the court decided, decided another guidelines issue. But in dicta, in this court describing what the district court did there, it described that in that case, we were talking about a speaking indictment where there was any question that the defendant there pled guilty to items in a computer. The computer included images and a video. But also when the agents executed the search warrant, they found a VHS. That was not included in the indictment. He didn't pled guilty to it. Now the district court used both videos, the video inside the computer and the VHS, which wasn't part of the charges, to enhance and apply the cross-reference. So we believe that Rogers— And we upheld that or we— Yes, the court affirmed. In a case in which it was challenged whether you could do that or not? No, no. No, but that's the closest that we found. But I think it kind of shows and reinforces our position that it is in child possession, child pornography possession cases are a bit different. And I think in those cases, yes, even though it's not included in the plea agreement, it can be part of the offense of conviction. And even if not, it can be relevant conduct. I guess the thing that I'm having trouble with is it would make more sense to me if it was somehow there was some evidence of its or a finding of a nexus or a relationship between that video and therefore the production and the actual offense that he pled to. But is there anything where the district court made a finding about how it was connected to it beyond just the fact that it's an item that happens to fall under a statutory definition of an offense that also covers the conduct of which he was actually convicted? Do you follow what I'm saying? I think so. Let's take an example, an extreme example. It's a 30-year-old video. On your view, it's still relevant conduct. It could be. It could be. No, no, it is on your view. It is, yeah. Yeah. But it could be is a better answer to me because that suggests some nexus would have to be found to show that there was a way in which it was relevant to the actual conduct of which he was convicted. But was there a finding of that sort here that this other video had any relationship to what he actually pled guilty to being convicted of? Yes. I mean, I think here that I said it could be in your hypothetical because the 30-year-old video, if we have sufficiently reliable evidence in the record that the defendant possessed that video, then yes, that possessed that video may be doing the relevant time charging the indictment. Yes, it could be used. And so that's the nexus here is the fact that he still had it on his phone at the same time. Yes, and he had it on his phone. He used his phone to download child pornography and to view child pornography and to share child pornography. And he used the same phone to take the video and to produce the video, and that is why the cross-reference would apply under the relevant conduct or the offense of conviction. Then just to be clear, if you're talking about it as just relevant conduct, does it even matter that it happens to fall under the offense of conviction? Why would it? Because other things could be relevant, too, to that conduct if the idea is it somehow is connected to it. Who cares if it happens to be something that also falls under the statute? So, yes, I think we're giving the court two ways of affirming this. It's either it could be part of the offense of conviction. Well, the first way seems to suggest that just the formal fact that it's conduct that falls under the same statute that defines the offense for which he then pled guilty based on other conduct makes it part of the offense of conviction. That doesn't intuitively make a huge amount of sense to me. The other argument he seems to be making is forget that. This is conduct that's relevant to the offense of conviction because of the nature of that other conduct that makes it relevant, which you're contending here is same type of stuff on the same device that he was using, so that would justify a finding it's relevant. Is that what you're saying? I think so, but if I just may finish, the offense of conviction is not just that it falls under the same statute. I mean, there was a factual finding by the court that it was in the same phone, that it involved the same offense. So it's not as remote as saying something completely different. So it does make sense for it to be part of the offense of conviction. He pled guilty to possessing during this time, and he possessed the video during this time, amongst the thousands of other videos that he possessed. And it could also be relevant conduct without the argument of relevant conduct saying that then it's not part of the offense of conviction. Can I just make sure I understand the terminology? I've forgotten this. There's the term offense, there's the term offensive conviction, and then there's the term relevant conduct. Correct. And does the way the guideline works, the term offense includes offensive conviction and relevant conduct? That is correct, under 1B1.1. And so just to be clear, you're saying it either falls under the offense of conviction itself, and therefore is an offense, or it falls under the relevant conduct, even if it's not part of the offense of conviction. That's correct. Okay. And the second theory is that it constitutes relevant conduct because of the findings in the record about it being on the phone and being of the same type of conduct of which he was convicted, and therefore can be treated as relevant conduct to that offense. That's correct. Yes, Your Honor. Thank you. Thank you. At this time, we have one from the panel. Could we introduce ourselves before I introduce the president of the panel? Jose David Rodriguez on behalf of Mr. Gonzalez. Your Honors, the video was not part of the conviction. That is clear from the plea agreement, change of plea. What about her? What's wrong with the way the government is putting the argument, even if that's true? I understood them to be saying, nonetheless, it's relevant conduct. Yes. It's not relevant conduct either because there has to be a connection between the conduct that you say is relevant and the connection. And why isn't the continuing possession of it on the same phone and the same device enough to make that connection? It is not a continuing. These were discrete incidents. One happened three years before the other. And if all that had happened was there was evidence that it had been produced three years before, that would be responsive. But I think the government's contention is what makes the conduct relevant is the possession of it on the phone now. Is your point that that's not then a production? I'm just trying to figure out where the disconnect between the two of you is. Yes. The definition of relevant conduct that the district court used was in preparation for. And the court was used on the recording, not on the possession. Not the current possession. Yes. But even if we focus on the possession, on the video happening to be on the phone. Then it's not a production. Right. It would just be possession of the image. Right. And there is no evidence that that video being there in his phone since three years before had anything to do with this offense. Not evidence that he was using that video to download more pornography from the Internet. There has to be a link. The videos just happening to have been uploaded to his phone years before doesn't make it relevant. Isn't the link, though, that the phone, the videos on the phone, the phone is used to upload or download images to Dropbox, which is the offense of conviction? So, like, when you started your argument, you said there needs to be some nexus. And I think I hadn't really understood until today that the nexus is maybe the phone and the use of the phone in the offense of conviction. That connects back to the video. That will be, and our position will be, Your Honor, that even, again, that concerns possession, not production. And his guidelines were calculated on production, based on production guidelines. But I guess the idea would be the production is then relevant because it's the production that got it on the phone. That the production is relevant because. Because that's led to the video that then was on the phone, so you just keep running it back. In other words, if it was not produced by him and it was just a video on the phone, then you wouldn't have any tie to production. He wasn't engaged. But if, I guess the theory is he's producing videos that he then puts on the phone, that he then uses in the offense of conviction to put stuff in Dropbox. So that initial production of it and then putting it on the phone is what makes that initial production relevant to the current offense. Maybe that's too many steps away, but isn't that the theory? That's the government's theory. And what's wrong with that theory? That first it's going several steps to get to the production. I guess the question, what's our case law say about how many steps you can go? The court has said that the uncharged conduct has to be connected to the offense of conviction. And it cannot be a mere coincidence that the video was in his phone. There has to be a factual use of the video. The video had to have played some role in his downloading of pornography to Dropbox in 2020. That function, there's no evidence of it. There's not even evidence that he watched that video during the time frame of this offense. That's what's missing here, and that's why it's not relevant conduct. Let me ask you a question. The count to possession count that he pled guilty to includes not just possession, but also that there was mail transported by means of a device that has some connection to interstate commerce, I think. The plea agreement and the colloquy at the change of plea, were those reliant on the fact that these were transferred, transported from some device to the Dropbox? The plea agreement in regards to the interstate transmission and to the link is from the Internet to the Dropbox, not from a device, sorry, to the Dropbox. Okay, and so now with the video, it's only in the phone, possessed in the phone, never ended up in the Dropbox. Correct. What was said at sentencing about the transporting or the mailing part of count two with respect to the video? Nothing, Your Honor, nothing. Thank you.  That concludes argument in this case.